UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GRAND PARKWAY SURGERY CENTER, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>HEALTH CARE SERVICE CORPORATION, A MUTUAL LEGAL RESERVE COMPANY D/B/A BLUECROSS BLUESHIELD OF ILLINOIS, *et al.*<br><br>        Defendants. | Case No. 4:16-cv-00549<br><br>Hon. Lee H. Rosenthal |

**DEFENDANT HEALTH CARE SERVICE CORPORATION'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT**

Martin J. Bishop (Tex. Bar No. 24086915)
Thomas C. Hardy (admitted pro hac vice)
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
mbishop@reedsmith.com
thardy@reedsmith.com
T 312.207.1000
F 312.207.6400

*Attorneys for Plaintiff Health Care Service Corporation, a Mutual Legal Reserve Company*

## <u>TABLE OF CONTENTS</u>

**Page**

NATURE OF THE PROCEEDING ........................................................................................ 1

STATEMENT OF THE ISSUES........................................................................................... 2

LEGAL STANDARD........................................................................................................... 3

SUMMARY OF THE ARGUMENT .................................................................................... 4

ARGUMENT ....................................................................................................................... 5

    I.     Plaintiff Has Not Established Its Standing to Sue as Assignee as to Counts 1 Through 5.................................................................................................... 5

    II.    Plaintiff Fails to State a Claim Under Section 502(a)(1)(B)................................. 7

        A.     Plaintiff Fails to Identify Specific Plan Terms Entitling It to Relief. ......... 7

        B.     Plaintiff Fails to Distinguish Its ERISA Claims from Its Non-ERISA Claims.......................................................................................... 9

    III.   Plaintiff Does Not State a Claim Under Section  502(c)(1) of ERISA................. 10

    IV.   Plaintiff Does Not State a Claim Under Section 503 of ERISA.......................... 12

    V.    Plaintiff's Section 502(a)(3) Claim Impermissibly Seeks the Same Relief as Its Section 502(a)(1)(B) Claim. ......................................................... 14

    VI.   Plaintiff Fails to Allege a Breach of Contract Claim.......................................... 15

    VII.  Plaintiff Fails to Allege a Promissory Estoppel Claim. ..................................... 18

CONCLUSION.................................................................................................................. 19

4832-7688-7586.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009).................................................................................3

*Averhart v. US West Mgmt. Pension Plan,*
46 F.3d 1480 (10th Cir. 1994) ................................................................11

*Boldt v. Dow Chem. Co. Voluntary Grp. Accident Ins. Plan,*
No. 6:06-cv-25, 2007 WL 2329873 (S.D. Tex. Aug. 15, 2007)..............11

*Caffey v. Unum Life Ins. Co.,*
302 F.3d 576 (6th Cir. 2002) ..................................................................11

*Carson v. Tex. Based Furniture Movers Plan,*
No. 3:03-CV-3076-L, 2005 U.S. Dist. LEXIS 17115 (N.D. Tex. Aug. 16,
2005) ........................................................................................................11

*Castro v. United States,*
560 F.3d 381 (5th Cir. 2009) ....................................................................3

*Center for Reconstructive Breast Surgery v. Blue Cross Blue Shield of La.,*
No. 11-806, 2013 WL 5519320 (E.D. La. Sept. 30, 2013)........................9

*Connecticut Gen. Life Ins. Co. v. Humble Surgical Hosp., LLC,*
No. 4:13-CV-3291, 2015 WL 1311224 (S.D. Tex. Mar. 24, 2015) .......10

*Crowell v. Shell Oil Co.,*
481 F. Supp. 2d 797 (S.D. Tex. 2007) ....................................................11

*Franco v. Conn. Gen. Life Ins. Co.,*
818 F. Supp. 2d 792 (D.N.J. 2011) ...........................................................7

*Gonzales v. Autozone, Inc.,*
776 F. Supp. 2d 405 (S.D. Tex. 2011) ....................................................14

*Gonzales v. Columbia Hosp. at Med. City Dallas Subsidiary LP,*
207 F. Supp. 2d 570 (N.D. Tex. 2002) ....................................................16

*Grand Parkway Surgery Ctr., LLC v. Health Care Serv. Corp.,*
No. H-15-0297, 2015 WL 3756492 (S.D. Tex. June 16, 2015)...............12

*Harrison v. PNC Fin. Servs. Group,*
928 F. Supp. 2d 934 (S.D. Ohio 2013) ...................................................10

ii

*Hunn v. Dan Wilson Homes, Inc.*,
  789 F.3d 573 (5th Cir. 2015) ........................................................................................15

*Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*,
  No. 3:12-cv-1607, 2014 WL 10212850 (N.D. Tex. July 21, 2014)................................ *passim*

*Innova Hosps. San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*,
  995 F. Supp. 2d 587 (N.D. Tex. 2014) ........................................................................ *passim*

*Jordan v. Tyson Foods, Inc.*,
  312 Fed. Appx. 726 (6th Cir. 2008)................................................................................12

*Korotynska v. Metro. Life Ins. Co.*,
  474 F.3d 101 (4th Cir. 2006) .........................................................................................15

*Krim v. pcOrder.com, Inc.*,
  402 F.3d 489 (5th Cir. 2005) ...........................................................................................3

*Kujanek v. Houston Poly Bag I, Ltd.*,
  658 F.3d 483 (5th Cir. 2011) .........................................................................................10

*Lee v. Burkhart*,
  991 F.2d 1004 (2d Cir. 1993).........................................................................................11

*LifeCare Mgmt. Servs.*,
  703 F.3d at 846 ..............................................................................................................14

*McKinsey v. Sentry Ins.*,
  986 F.2d 401 (10th Cir. 1993) .......................................................................................11

*Mid-Town Surgical Ctr., L.L.P. v. Humana Health Plan of Tex.*,
  16 F. Supp. 3d 767 (S.D. Tex. 2014) ...........................................................................6, 8

*Mondry v. Am. Family Mut. Ins. Co.*,
  557 F.3d 781 (7th Cir. 2009) .........................................................................................11

*Moran v. Aetna Life Ins. Co.*,
  872 F.2d 296 (9th Cir. 1989) .........................................................................................11

*Rhorer v. Raytheon Eng'rs & Constructors*,
  181 F.3d 634 (5th Cir. 1999) .........................................................................................14

*Romano Woods Dialysis Ctr. v. Admiral Linen Serv., Inc.*,
  No. H-14-1125, 2014 U.S. Dist. LEXIS 95713 (S.D. Tex. July 15, 2014) ...........................6

*Sanctuary Surg. Centre, Inc. v. Conn. Gen. Life Ins. Co., Inc.*,
  No. 11-80800-CV, 2012 WL 28263 (S.D. Fla. Jan. 5, 2012)..........................................10

iii

*Sanctuary Surgical Ctr., Inc. v. Aetna Inc.*,
  546 Fed. Appx. 846 (11th Cir. 2013) ...................................................................6

*Seastrunk v. Darwell Integrated Tech., Inc.*,
  No. CIV.A.3:05CV0531-G, 2005 WL 1667811 (N.D. Tex. July 15, 2005) ...........6

*Shackelford v. Continental Cas. Co.*,
  96 F. Supp. 2d 738 (W.D. Tenn. 2000)................................................................15

*Newell ex rel. Snow v. Aetna Life Ins. Co.*,
  No. 302-CV-0475M, 2002 WL 1840925 (N.D. Tex. Aug. 8, 2002) ................11, 12

*Swierkiewicz v. Sorema, N.A.*,
  534 U.S. 506 (2002)..............................................................................................3

*Tango Transp. v. Healthcare Fin. Serv.*,
  322 F.3d 888 (5th Cir. 2003) .................................................................................5

*Texas Life, Accident & Hosp. Servs. Ins. Guar. Ass'n v. Gaylord*,
  105 F.3d 210 (5th Cir. 1997) .................................................................................6

*Tolson v. Avondale Indus.*,
  141 F.3d 604 (5th Cir. 1998) ...............................................................................14

*Vanderbrook v. Unitrin Preferred Ins. Co. (In re Katrina Canal Breach Litig.)*,
  495 F.3d 181 (5th Cir. 2007) ...............................................................................13

*Varity v. Howe*,
  516 U.S. 489 (1996)............................................................................................14

*Wade v. Wellpoint, Inc.*,
  892 F. Supp. 2d 1102 (S.D. Ind. 2012)................................................................17

*In re Wellpoint, Inc. Out-of-Network "UCR Rates" Litig.*,
  865 F. Supp. 2d 1002 (C.D. Cal. 2011) ...............................................................17

*Wilczynski v. Lumbermans Mut. Cas. Co.*,
  93 F.3d 397 (7th Cir. 1996) .................................................................................13

*Zenor v. El Paso Healthcare Sys. Ltd.*,
  176 F.3d 847 (5th Cir. 1999) ...............................................................................18

**Statutes**

29 U.S.C. § 1002(3) ................................................................................................13

29 U.S.C. § 1002(16)(A)..........................................................................................10

29 U.S.C. § 1003(b) ................................................................................................16

iv

29 U.S.C. § 1024(b)(2) ........................................................................................................10, 12

29 U.S.C. § 1132(a)(1)(B) ........................................................................................................ *passim*

29 U.S.C. § 1132(a)(2) ..................................................................................................................6

29 U.S.C. § 1132(a)(3) ...........................................................................................................1, 14

29 U.S.C. § 1132(c)(1) ...........................................................................................................1, 10

29 U.S.C. § 1133 ....................................................................................................................1, 12

29 U.S.C. § 1140 ...........................................................................................................................6

**Rules**

Fed. R. Civ. P. 8 ........................................................................................................................1, 3

Fed. R. Civ. P. 12(b)(1) .....................................................................................................1, 2, 6, 7

Fed. R. Civ. P. 12(b)(6) ..................................................................................................1, 2, 3, 10

**Regulations**

29 C.F.R. § 2560.503-1(h) ............................................................................................................12

29 C.F.R. § 2560.503-1(h)(2) .......................................................................................................10

29 C.F.R. § 2560.503-1(h)(2)(iii) .................................................................................................13

Defendant Health Care Service Corporation ("HCSC"), a Mutual Legal Reserve Company that does business in Texas as Blue Cross and Blue Shield of Texas ("BCBSTX") and in Illinois as Blue Cross and Blue Shield of Illinois ("BCBSIL"), by and through its counsel, Reed Smith LLP, respectfully moves this Court to dismiss Plaintiff's First Amended Complaint ("Complaint") pursuant to Federal Rules of Civil Procedure 8, 12(b)(1) and 12(b)(6).

## <u>NATURE OF THE PROCEEDING</u>

Plaintiff filed its Original Complaint on March 2, 2016, seeking to recover benefits under Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), civil penalties under Section 502(c)(1) of ERISA, 29 U.S.C. § 1132(c)(1), unspecified relief under Section 503 of ERISA, 29 U.S.C. § 1133, monetary damages under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and monetary damages for breach of contract and promissory estoppel. Plaintiff purports to sue on behalf of beneficiaries of ERISA and non-ERISA health benefit plans with respect to 492 individual benefits claims, under purported assignments by beneficiaries of those plans in favor of Plaintiff.

On May 23, 2016, Plaintiff filed its Complaint, adding 24 additional Blue Cross and Blue Shield licensees as defendants. (D.E. 19.) The Complaint includes an Exhibit B that alleges which of the 492 specific individual benefits claims are attributable to each of the additional defendants. (D.E. 19-1.) However, the Complaint generally lumps all 25 defendants together as "Defendant" for the purposes of each of Plaintiff's causes of action.

## STATEMENT OF THE ISSUES

The following issues are raised by this motion:

1.      Whether Counts 1 through 5 should be dismissed pursuant to Rule 12(b)(1) for Plaintiff's failure to establish its standing to sue pursuant to individual patients' assignments of their rights?

2.      Whether Count 1 should be dismissed pursuant to Rule 12(b)(6) for Plaintiff's failure to identify specific plan terms that HCSC allegedly breached and to identify the individual benefits claims that are subject to ERISA?

3.      Whether Count 2 should be dismissed pursuant to Rule 12(b)(6) for Plaintiff's failure to allege HCSC is the plan administrator (and thus the proper defendant) and to identify the individual benefits claims that are subject to ERISA?

4.      Whether Count 3 should be dismissed pursuant to Rule 12(b)(6) for Plaintiff's failure to allege HCSC is the plan (and thus the proper defendant) and to identify the individual benefits claims that are subject to ERISA?

5.      Whether Count 4 should be dismissed pursuant to Rule 12(b)(6) for Plaintiff's failure to allege the existence of a contract between HCSC and individual members on whose behalf it sues, its failure to allege the specific contract terms HCSC allegedly breached, and its failure to distinguish the individual benefits claims that are not subject to ERISA?

6.      Whether Count 5 should be dismissed pursuant to Rule 12(b)(6) for Plaintiff's failure to allege the elements of a claim for promissory estoppel?

4832-7688-7586.1

## **LEGAL STANDARD**

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading is required to be "simple, concise and direct" and must give the named defendants fair notice of the plaintiff's claims and the grounds upon which they rest. Fed. R. Civ. P. 8; *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002). In determining the sufficiency of pleadings under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, all conclusory allegations in the complaint must be disregarded, as they are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal citations omitted). A claim has "facial plausibility" when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint, however, will not suffice "if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal citations omitted). A complaint must offer more than "labels and conclusions," and mere "formulaic recitation of the elements of a cause of action" will not do. *Id.*

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted). In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Id.* When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See Castro v. United States*, 560 F.3d 381, 386 (5th Cir. 2009).

3

## SUMMARY OF THE ARGUMENT

Plaintiff's Complaint should be dismissed with prejudice for a host of reasons, including for lack of standing. Plaintiff has not attached any purported assignments of benefits or sufficiently alleged the terms and scope of the purported assignments, as it is required to do in order to establish its standing to sue as an assignee. Plaintiff therefore lacks standing to assert Counts 1 through 5.

Setting aside that Plaintiff has not properly alleged standing, Plaintiff also fails to state ERISA claims. Its Section 502(a)(1)(B) claim (Count 1) fails to allege that HCSC breached a specific plan term such that it may be liable under Section 502(a)(1)(B). Plaintiff also fails to state which of the 492 individual benefits claims on Exhibit A to its Complaint are covered by ERISA and which are governed by state law. Without that information, it is impossible to determine which claims are covered by Plaintiff's Section 502(a)(1)(B) claim and which are covered by its breach of contract claim. These are required elements of a Section 502(a)(1)(B) claim, and Count 1 (as well as Count 5) should be dismissed for failure to plead them.

Count 2 (seeking civil penalties under Section 502(c)(1)) suffers from a variety of fatal defects. For one, a Section 502(c)(1) claim may only be asserted against the plan administrator designated as such in the plan documents, and Plaintiff does not allege that HCSC is designated as plan administrator for each of the ERISA-governed plans at issue or that it sent requests for documents to the party designated for such requests in the plan documents. Finally, Plaintiff again fails to distinguish which claims are governed by ERISA and which are not, seeking Section 502(c)(1) penalties with respect to all claims, while at the same time alleging that some of the claims are not governed by ERISA. For these defects, the Court should dismiss Count 2.

Count 3 (alleging failure to provide a full and fair review under Section 503) suffers from a fatal defect, in that a Section 503 claim may only be asserted against the plan itself, and not

4

against a claims administrator such as HCSC. Since HCSC is not the plan, the Court should dismiss Count 3.

Plaintiff's Section 502(a)(3) claim in Count 4 should be dismissed because it impermissibly duplicates Plaintiff's claims under Sections 502(a)(1)(B). In support of its claim for breach of fiduciary duty, Plaintiff alleges that HCSC underpaid claims while operating under a conflict of interest. ERISA provides remedies under Section 502(a)(1)(B) for such allegations, and thus Plaintiff may not state a separate claim under Section 502(a)(3).

Counts 5 and 6 should be dismissed for failing to allege facts sufficient to state a plausible claim for relief. Like Plaintiff's Section 502(a)(1)(B) claim, Plaintiff's breach of contract claim lacks any factual detail regarding the terms of the plans that HCSC allegedly breached. Likewise, Plaintiff's promissory estoppel claim is facially implausible, given that Plaintiff's allegations make clear that HCSC never made any promise on which the claim could be based. Counts 5 and 6 should be dismissed for these pleading defects.

## ARGUMENT

### I. Plaintiff Has Not Established Its Standing to Sue as Assignee as to Counts 1 Through 5.

Plaintiff does not properly allege its standing to sue under assignments of benefits with respect to any of the plans at issue. As a medical provider, Plaintiff does not have standing to sue HCSC under ERISA without a valid assignment of the rights of a "participant" or "beneficiary," as those terms are defined in Section 502(a) of ERISA. *Tango Transp. v. Healthcare Fin. Serv.*, 322 F.3d 888, 890-91 (5th Cir. 2003) (noting that Section 502(a) only authorizes "a participant or beneficiary" to bring a civil suit). A court only has subject matter jurisdiction to hear ERISA claims brought by a medical provider if the provider has a valid assignment of the claims it seeks

to bring. *Romano Woods Dialysis Ctr. v. Admiral Linen Serv., Inc.*, No. H-14-1125, 2014 U.S. Dist. LEXIS 95713, *3-6 (S.D. Tex. July 15, 2014).

The terms and scope of the alleged assignments are especially important, since a general assignment of benefits is not sufficient to confer standing on a medical provider to pursue non-benefits claims, such as claims under Section 502(a)(3) or claims for civil penalties under Section 502(c)(1). *See Texas Life, Accident & Hosp. Servs. Ins. Guar. Ass'n v. Gaylord*, 105 F.3d 210, 218 (5th Cir. 1997) (only an "express and knowing assignment of an ERISA fiduciary breach claim is valid"); *Sanctuary Surgical Ctr., Inc. v. Aetna Inc.*, 546 Fed. Appx. 846, 851-52 (11th Cir. 2013) (assignment must specifically assign claims for civil penalties to confer standing on provider to sue under Section 502(c)(1)). In fact, a party does not have standing to assert <u>any</u> non-benefits claim in the absence of an express and knowing assignment of such claims. *See Romano Woods*, 2014 U.S. Dist. LEXIS 95713, *5-6 (dismissing claims under 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1140 because no express assignment of such claims to plaintiff); *Mid-Town Surgical Ctr., L.L.P. v. Humana Health Plan of Tex.*, 16 F. Supp. 3d 767, 775-76 (S.D. Tex. 2014) (dismissing RICO and fiduciary duty claims where no express assignment of such claims in assignment of benefits). Similarly, without establishing its right to sue in the members' shoes, Plaintiff cannot state a claim for breach of contract. *See Seastrunk v. Darwell Integrated Tech., Inc.*, No. CIV.A.3:05CV0531-G, 2005 WL 1667811, at *4 (N.D. Tex. July 15, 2005) (dismissing contract claim under Rule 12(b)(1) for lack of standing where plaintiff was not party to contract and had not established it had been assigned right to sue under contract).

Plaintiff fails to adequately plead that it has derivative standing to sue under a valid assignment of benefits. Plaintiff does not attach the assignments under which it sues or identify or quote the terms of the assignments so that HCSC and the Court may judge whether or not it

has standing to sue in the members' shoes for ERISA benefits, or non-benefits relief under ERISA. *See Franco v. Conn. Gen. Life Ins. Co.*, 818 F. Supp. 2d 792, 811 (D.N.J. 2011) (failure to "plead facts (for example, actual assignment language) to support their legal conclusion that a valid assignment of the proper breadth was given by patients" made claim deficient). Instead, Plaintiff simply alleges that the members assigned it the right to pursue the claims in Counts 1-5. (D.E. 19 at ¶ 49.) Rather than accept Plaintiff's conclusory allegations of standing and allow Plaintiff to engage in discovery regarding claims it may have no right to pursue, the Court should dismiss Counts 1-5 pursuant to Federal Rule of Civil Procedure 12(b)(1) and order Plaintiff to either quote the actual language of the assignments or attach them to its Complaint.

## II.    Plaintiff Fails to State a Claim Under Section 502(a)(1)(B).

Even assuming Plaintiff has standing to assert Count 1, it has not stated a plausible claim for relief under Section 502(a)(1)(B) because it does not identify any specific plan term that entitles it to relief or identify the benefits claims for which it seeks ERISA benefits. *See, e.g., Innova Hosps. San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 601, 604 (N.D. Tex. 2014) (dismissing Section 502(a)(1)(B) and breach of contract claims for insufficient detail).

### A.    Plaintiff Fails to Identify Specific Plan Terms Entitling It to Relief.

Plaintiff does not allege that any specific term of any of the alleged plans at issue was breached, other than the three plans that it quotes. (*See* D.E. 19 at ¶¶ 40, 69-71.) Plaintiff alleges "[o]n information and belief" only that other plans use "the same coverage and payment provisions," without indicating which of the three provisions (which are markedly different) applies to each of the claims at issue. (*Id.* at ¶ 68.) Moreover, two of the quoted provisions do not even mention "usual and customary" or any similar phrase, contrary to Plaintiff's characterizations of them. (*See id.* at ¶¶ 70-71.) Accordingly, Count 1 should be dismissed for

7

this pleading defect. *See Innova*, 995 F. Supp. 2d at 600 ("To state a claim for benefits under ERISA, a plaintiff must identify a specific plan term that confers the benefit in question."); *Mid-Town Surgical*, 16 F. Supp. 3d at 778 (dismissing Section 502(a)(1)(B) claim that only generally referred to "benefits that are due under the terms of the plans").

Plaintiff's allegations regarding the plans' terms, based solely on "information and belief," are insufficient to state a plausible claim for relief. In *Innova*, the court rejected the plaintiff's attempt to rely on "representative" plan terms and allegations "on information and belief" that the other plans contained similar terms. *Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, No. 3:12-cv-1607, 2014 WL 10212850, at *5-6 (N.D. Tex. July 21, 2014). The court found that the plaintiffs' conclusory allegations regarding plan terms failed to put the defendants on notice of the claims against them, and therefore dismissed the plaintiffs' ERISA benefits claims. *Id.* at *6-7. Plaintiff's allegations here are essentially identical to those in *Innova*, in that Plaintiff fails to identify any specific plan terms for 489 of the 492 individual benefits claims it alleges, asserting only the bare conclusion that "the same coverage and payments provisions are utilized across different health plans." (D.E. 19 at ¶ 68.) Plaintiff's failure to do so is especially egregious given that two of the allegedly representative plan terms specifically refer to "BCBSTX," and yet Plaintiff alleges that 194 of the individual benefits claims arose under plans associated with other defendants  (*Id.* at ¶ 40; D.E. 19-1.) That alone renders Plaintiff's "information and belief" allegation implausible and insufficient. Given that such allegations are insufficient to state a plausible claim for ERISA benefits, the Court should dismiss Count 1.

8

### B.     Plaintiff Fails to Distinguish Its ERISA Claims from Its Non-ERISA Claims.

Plaintiff also fails to allege a plausible right to relief in Count 1[1] because it does not identify which of the 492 healthcare claims identified in the exhibit to the Complaint relate to ERISA or non-ERISA benefit plans. Plaintiff conflates the two causes of action, alleging the same amount of "underpayments" ($11,025,367.60) for each. (D.E. 19 at ¶¶ 73, 99.) Accordingly, Plaintiff does not distinguish which amount it is seeking under Section 502(a)(1)(B) of ERISA with respect to ERISA plans and which it seeks to recover under its breach of contract claim with respect to non-ERISA plans.

Once again, *Innova* is instructive. In *Innova*, the plaintiffs attached a similar spreadsheet to their complaint, which did not identify which of the claims were asserted under ERISA plans and which were asserted under non-ERISA plans. *Innova*, 995 F. Supp. 2d at 603-04. The court rejected the plaintiffs' assertion that they required discovery to determine whether individual benefits claims were governed by ERISA or not, finding instead that the plaintiffs "must allege factual content that allows the Court to reasonably infer that discovery 'will reveal relevant evidence of each element of a claim.'" *Innova*, 2014 WL 10212850, at *6. The court therefore dismissed the plaintiffs' ERISA benefits and contract claims. *Id.* at *6-7. Similarly, here, the spreadsheet attached to Plaintiff's Complaint does not differentiate between claims arising from ERISA and non-ERISA plans, and therefore does not state a plausible claim for either ERISA benefits or breach of contract. *See also Center for Reconstructive Breast Surgery v. Blue Cross Blue Shield of La.*, No. 11-806, 2013 WL 5519320, at *1 (E.D. La. Sept. 30, 2013) (noting that "Plaintiffs fail to distinguish between the patients who were participants in an ERISA covered plan and those who were not—a crucial distinction," and ordering a more definite statement);

---

[1] This problem also requires dismissal of Counts 2-4, since each seeks relief under ERISA that is not available if a specific plan is not governed by ERISA.

*Sanctuary Surg. Centre, Inc. v. Conn. Gen. Life Ins. Co., Inc.*, No. 11-80800-CV, 2012 WL 28263, at *2 (S.D. Fla. Jan. 5, 2012) (dismissing ERISA claim because "Plaintiffs have still not sufficiently pleaded the existence of an ERISA plan under which to sue"); *Connecticut Gen. Life Ins. Co. v. Humble Surgical Hosp., LLC*, No. 4:13-CV-3291, 2015 WL 1311224, at *4 (S.D. Tex. Mar. 24, 2015) (dismissing state law claims because plaintiff's pleading did not establish "the existence of any plan from which its non-ERISA claims arise"). Plaintiff's contention that it needs "the benefit of discovery" to distinguish ERISA from non-ERISA claims does not excuse its failure to provide HCSC and the Court with notice regarding the factual basis for Count 1, and dismissal under Rule 12(b)(6) therefore is warranted. See *Innova*, 2014 WL 10212850, at *6 ("Plaintiffs do not state plausible claims for relief by merely asserting that discovery will clarify the issues or allow them to identify their claims; rather, Plaintiffs must allege factual content that allows the Court to reasonably infer that discovery 'will reveal relevant evidence of each element of a claim.'" (quoting *Lormand v. U.S. Unwired, Inc*., 565 F.3d 228, 257 (5th Cir. 2009)).

## III.  <u>Plaintiff Does Not State a Claim Under Section  502(c)(1) of ERISA.</u>

Count 2 alleges violations of Section 502(c)(1) of ERISA, 29 U.S.C. § 1132(c)(1), which provides for penalties in the event an "administrator" fails to timely provide documents that Section 1024(b)(2) requires a plan to provide upon request by a plan participant or beneficiary. 29 U.S.C. § 1024(b)(2).[2] Section 1002(16)(A) of ERISA defines an "administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated…." 29 U.S.C. § 1002(16)(A). As a penalty provision, Section 502(c)(1) must be strictly construed. *Kujanek v. Houston Poly Bag I, Ltd.*, 658 F.3d 483, 489 (5th Cir. 2011). As a result,

---

[2] Plaintiff also alleges that HCSC violated Section 502(c) by failing to take certain actions required by 29 C.F.R. § 2560.503-1(h)(2), but claims based on those regulations are not properly asserted under Section 502(c). *See Harrison v. PNC Fin. Servs. Group*, 928 F. Supp. 2d 934, 949 (S.D. Ohio 2013) (noting the regulation specifically states that it was promulgated under authority of Sections 503 and 505 of ERISA, not Section 502).

only the plan administrator designated by the plan may be sued under Section 502(c)(1). *See Crowell v. Shell Oil Co.*, 481 F. Supp. 2d 797, 814 (S.D. Tex. 2007) (only plan administrator designated in plan documents is liable for violation of Section 502(c)); *Boldt v. Dow Chem. Co. Voluntary Grp. Accident Ins. Plan*, No. 6:06-cv-25, 2007 WL 2329873, at *15 (S.D. Tex. Aug. 15, 2007) ("Because [another entity] is the Plan Administrator within the terms of the Plan document, an action against [the defendant] for statutory penalties is untenable."); *Carson v. Tex. Based Furniture Movers Plan*, No. 3:03-CV-3076-L, 2005 U.S. Dist. LEXIS 17115, *15-16 (N.D. Tex. Aug. 16, 2005) (dismissing Section 502(c)(1) claim alleging that request for documents was sent to entity other than plan administrator); *Newell ex rel. Snow v. Aetna Life Ins. Co.*, No. 302-CV-0475M, 2002 WL 1840925, at *3 (N.D. Tex. Aug. 8, 2002) (dismissing claims where "Plaintiff has wholly failed to plead facts that would demonstrate a likelihood that the individual Defendants are plan administrators under the statute").[3]

Plaintiff fails to allege that HCSC is the plan administrator designated by each of the plans at issue. Instead, Plaintiff alleges only that  "Defendant acted as and/or was designated as the plan administrator…." (D.E. 19 at ¶¶ 41, 56 (emphasis supplied).) Plaintiff does not define "Defendant," but it is used throughout the Complaint to collectively refer to all 25 defendants. Plaintiff never specifically alleges that HCSC was the designated plan administrator for any of the plans at issue. Instead, Plaintiff alleges that all 25 defendants "acted as and/or [were] designated as the plan administrator" for each of the 492 individual benefits claims at issue. (*Id.*) This implausible (and, in fact, impossible) allegation is insufficient to state a claim for civil

---

[3] Other courts are in agreement that only designated "plan administrators" may be liable for statutory penalties under Section 502(c). *See Mondry v. Am. Family Mut. Ins. Co.,* 557 F.3d 781, 794 (7th Cir. 2009); *Caffey v. Unum Life Ins. Co.,* 302 F.3d 576, 584-85 (6th Cir. 2002); *Averhart v. US West Mgmt. Pension Plan,* 46 F.3d 1480, 1489-90 (10th Cir. 1994); *Lee v. Burkhart,* 991 F.2d 1004, 1010 (2d Cir. 1993); *McKinsey v. Sentry Ins.,* 986 F.2d 401, 404-05 (10th Cir. 1993); *Moran v. Aetna Life Ins. Co.,* 872 F.2d 296, 298-300 (9th Cir. 1989).

penalties under Section 502(c)(1). *See Newell ex rel. Snow v. Aetna Life Ins. Co.*, No. CIV.A. 302-CV-0475M, 2002 WL 1840925, at *3 (N.D. Tex. Aug. 8, 2002) (dismissing claims because "Plaintiff has wholly failed to plead facts that would demonstrate a likelihood that the individual Defendants are plan administrators under the statute"). Plaintiff clearly possesses copies of relevant plan documents that designate the plan administrator to whom requests for documents under Section 1024(b)(2) should be sent, since it quotes alleged plan language. (*See* D.E. 1 at ¶¶ 44-46.) Notably, Judge Atlas dismissed Plaintiff's almost identical Section 502(c) claim in an earlier case it filed against HCSC and directed Plaintiff to amend its complaint to allege that HCSC was the plan administrator. *Grand Parkway Surgery Ctr., LLC v. Health Care Serv. Corp.*, No. H-15-0297, 2015 WL 3756492, at *5 (S.D. Tex. June 16, 2015). Subsequently, Plaintiff simply dropped its Section 502(c) claim. As in its earlier case, Plaintiff fails to properly allege a Section 502(c) claim.

Plaintiff also cannot assert claims under Section 502(c) as to claims to which ERISA does not apply, and thus its failure to allege which benefits claims are governed by ERISA requires dismissal of Count 2 for failure to state a plausible claim for relief. For these reasons, the Court should dismiss Count 2 for failure to state a claim.

## IV.    Plaintiff Does Not State a Claim Under Section 503 of ERISA.

Plaintiff likewise fails to state a claim under Section 503 of ERISA, 29 U.S.C. § 1133, which requires an "employee benefit plan" to provide certain notices regarding denials of claims and to provide opportunities for "full and fair review" of denials. However, Section 503 and regulations enforcing it (including 29 C.F.R. § 2560.503-1(h)), by their express terms, impose duties only on the "employee benefit plan" and not on claims administrators like HCSC. *See, e.g., Grand Parkway I*, 2015 WL 3756492, at *5 (plaintiff could not state claim for violation of Section 503 without alleging that HCSC was the "ERISA Plan itself"); *Jordan v. Tyson Foods,*

*Inc.*, 312 Fed. Appx. 726, 735 (6th Cir. 2008) (Section 503 and 29 C.F.R. § 2560.503-1(h)(2)(iii) do not place obligations or give rise to liability against administrators); *Wilczynski v. Lumbermans Mut. Cas. Co.*, 93 F.3d 397, 406 (7th Cir. 1996) (affirming dismissal of claim against administrator, given that Section 503 and its implementing regulations only apply to "plans"). However, Plaintiff alleges only that <u>Defendant</u> is considered the employee benefit plan" with respect to the (unidentified) ERISA claims at issue. (D.E. 19 at ¶ 65 (emphasis added).) Plaintiff again lumps all of the 25 defendants together and does not allege that any specific defendant is the plan with respect to any specific individual benefits claim. For instance, Plaintiff alleges that "Defendant's failure affected all claims within Exhibit A," asserting that all 25 defendants are liable for failure to provide full and fair review with respect to all 492 individual benefits claims. (*Id.* at ¶ 87.) However, it is not plausible that all 25 defendants are the "plan" with respect to each individual benefits claim.

Plaintiff's bare conclusion that HCSC is a "plan" also does not hold up under scrutiny, given that HCSC is not a "plan, fund, or program" that is "established or maintained by an employer or an employee organization" to provide benefits to employees. *See* 29 U.S.C. § 1002(3) (definition of "employee welfare benefit plan")*see also* UT SELECT Plan Benefit Booklet, attached as <u>Exhibit A</u>[4], at p. 63 (defining "Plan" as "UT SELECT" and not BCBSTX). Plaintiff cannot avoid naming the proper defendant under Section 503 through such obviously spurious allegations.

---

[4] As the Fifth Circuit has noted, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Vanderbrook v. Unitrin Preferred Ins. Co. (In re Katrina Canal Breach Litig.)*, 495 F.3d 181, 205 (5th Cir. 2007) (considering insurance contracts attached to motion to dismiss) (citation omitted). Though the UT SELECT Plan Benefit Booklet was not attached to the Complaint, it is quoted in Plaintiff's Complaint (*compare* UT SELECT Plan Benefit Booklet at p. 61 with D.E. 19 at ¶ 71) and should be considered part of the pleadings for purposes of this Motion.

Plaintiff also cannot assert claims under Section 503 as to claims to which ERISA does not apply, and thus its failure to allege which benefits claims are governed by ERISA requires dismissal of Count 3 for failure to state a plausible claim for relief. For these reasons, Plaintiff cannot hold HCSC liable under Section 503, and Count 3 should be dismissed with prejudice.

## V.   Plaintiff's Section 502(a)(3) Claim Impermissibly Seeks the Same Relief as Its Section 502(a)(1)(B) Claim.

Plaintiff's Section 502(a)(3) claim is barred by Supreme Court and Fifth Circuit authority making clear that, when a party seeks remedies expressly granted by ERISA, the party may not also seek relief under Section 502(a)(3) on the same grounds. *Varity v. Howe*, 516 U.S. 489, 512 (1996) (Section 502(a)(3) is a "'catchall' remedial section" that "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy."); *LifeCare Mgmt. Servs.*, 703 F.3d at 846 ("When a beneficiary wants what was supposed to have been distributed under a plan, the appropriate remedy is a claim for denial of benefits under § 502(a)(1)(B) of ERISA rather than a … claim brought pursuant to § 502(a)(3)."); *Rhorer v. Raytheon Eng'rs & Constructors*, 181 F.3d 634, 639 (5th Cir. 1999) ("[B]ecause § 1132(a)(1)B) affords [plaintiff] an avenue for legal redress, she may not simultaneously maintain her claim for breach of fiduciary duty"; abrogated on other grounds). Accordingly, "an ERISA plaintiff may bring an equitable claim under Section 1132(a)(3) **only** when no other remedy is available under Section 1132." *Gonzales v. Autozone, Inc.*, 776 F. Supp. 2d 405, 409 (S.D. Tex. 2011) (emphasis in original). Moreover, that a plaintiff's Section 502(a)(1)(B) claim fails does not mean the plaintiff can assert a Section 502(a)(3) claim in the alternative. *Tolson v. Avondale Indus.*, 141 F.3d 604, 610 (5th Cir. 1998).

Plaintiff's allegations in Count 4 make clear that its claims are based upon "Defendants' … failure to follow plan documents" and allegations that "Defendant" breached alleged fiduciary

14

duties "by not paying or drastically underpaying claims"—in other words, on the same conduct complained of in Count 1. (D.E. 19 at ¶¶ 90, 93.) Plaintiff alleges that "Defendant" administered the claims at issue under a conflict of interest, but that does not transform a benefits claim into a Section 502(a)(3) claim. *See, e.g., Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101, 107 (4th Cir. 2006) (Section 502(a)(3) claim based on conflict of interest held improper, because conflict of interest may be considered under Section 502(a)(1)(B)); *Shackelford v. Continental Cas. Co.*, 96 F. Supp. 2d 738, 743 n.3 (W.D. Tenn. 2000) (granting motion to dismiss Section 502(a)(3) claim premised on alleged conflict of interest as duplicative of Section 502(a)(1)(B) benefits claim). Underscoring that the claim is duplicative, Plaintiff seeks monetary damages of $11,025,367.60—the same amount it seeks with respect to its Section 502(a)(1)(B) claim. (D.E. 19 at ¶ 94.) Moreover, as with its other claims, Plaintiff alleges its claims generally against "Defendant," lumping all of the 25 defendants together as though each is jointly liable with respect to all of the individual benefits claims at issue. Because Section 502(a)(1)(B) otherwise provides a remedy for the conduct alleged in Count 4, Plaintiff's claim for equitable relief under Section 502(a)(3) is barred and should be dismissed with prejudice.

**VI.**     **Plaintiff Fails to Allege a Breach of Contract Claim.**

In addition to failing to establish its standing to sue for breach of contract, Plaintiff does not allege the existence of a contract between HCSC and the patients on behalf of whom it claims to sue, much less specific contractual terms HCSC allegedly breached. Along with its failure to distinguish claims governed by ERISA from those that are not, Plaintiff's pleading deficiencies require dismissal. The elements of a claim for breach of contract under Texas law are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach." *Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 579 (5th Cir. 2015) (citation

15

omitted). A breach of contract "only occurs when a party fails or refuses to perform an act that it expressly promised to do." *Gonzales v. Columbia Hosp. at Med. City Dallas Subsidiary LP*, 207 F. Supp. 2d 570, 575 (N.D. Tex. 2002) (citation omitted).

With respect to the first element, Plaintiff does not allege the existence of a valid contract between HCSC and the patients on whose behalf it claims to sue for breach. First, Plaintiff alleges that "Defendant" breached plan terms. (D.E. 19 at ¶ 98.) Plaintiff again lumps all 25 defendants together and implausibly alleges that all 25 of them have contracts with each of the patients whose 492 individual benefits claims are at issue. This is "shotgun pleading" at its most egregious.

Second, Plaintiff does not (and, in fact, cannot) allege that HCSC has a contract with all of the specific patients on whose behalf it claims to sue. Plaintiff alleges that it is suing "to recover benefits under the patients' individual health benefit plans…." (D.E. 19 at ¶ 97.) While some of the benefit plans for which HCSC provides only administrative services are governed by ERISA, others (such as state and federal government employee plans) are exempt from ERISA. *See* 29 U.S.C. § 1003(b) (exempting governmental plans from ERISA). Significantly, the language Plaintiff quotes in paragraph 71 of its Complaint comes from such a plan, which HCSC administers for the University of Texas system. *Compare* UT SELECT Plan Benefit Booklet, Exhibit A, at p. 61, with D.E. 19 at ¶ 71. Notably, the UT SELECT Plan Benefit Booklet states at the bottom of page 1 that "Blue Cross and Blue Shield of Texas provides claims payment services only and does not assume any financial risk or obligation with respect to claims." Exh. A at p. 1. It also states that it "is intended to be an information source only. It is not a contract or policy." *Id.* Accordingly, the UT SELECT Plan Benefit Booklet on which Plaintiff relies is not a contract between HCSC and the plan's members, and any contractual obligation with respect to

16

benefits runs between the plan's sponsor (here, the University of Texas system) and the member. It therefore is not sufficient for Plaintiff to allege that it is seeking to recover benefits under such members' plans, and Plaintiff necessarily fails to allege the existence of a valid contract <u>to which HCSC is a party</u> with respect to claims under such plans.

Nor does Plaintiff identify the specific terms that HCSC allegedly breached with respect to each claim. In *Innova*, the court dismissed the plaintiffs' breach of contract claims for failing to identify the allegedly breached plan terms and attempting to rely on "representative" plan terms and allegations based on "information and belief." *Innova*, 2014 WL 10212850, at *5-7; *see also Innova*, 995 F. Supp. 2d at 603 (citing cases dismissing breach of contract claims for failing to identify allegedly breached plan terms). Similarly, rather than identify the specific plan terms relating to the individual claims at issue, Plaintiff refers only to the three "representative examples" that it quotes in paragraphs 69-71 of its Complaint.[5] (D.E. 19 at ¶ 98.) While Plaintiff alleges on information and belief that "the same coverage and payment provisions are utilized across different health plans," its assertion is undercut by its quotation of provisions from three different plans, each of which has different language.[6] (*Id.* at ¶¶ 69-71.) That there are 25 defendants, each of which presumably uses different language in its benefit booklets, also renders Plaintiff's allegations implausible. Moreover, with respect to the UT SELECT Plan Benefit Booklet, Plaintiff ignores the terms that actually explain how the allowable amount is

---

[5] Plaintiff refers to plan terms and breach allegations contained in "paragraphs 11-13 and 41-48" of the Complaint, but those paragraphs do not in fact contain any allegations regarding plan terms or breach. (*See id.* at ¶¶ 11-13, 41-48.)

[6] Plaintiff's assertion also is undercut by its citations of three cases as support for its "information and belief" regarding the terms of HCSC plans. (D.E. 1 at ¶ 47.) Contrary to Plaintiff's assertions, in *Innova* the district court did not find that the plan at issue required reimbursement at "usual and customary" rates, but instead dismissed the complaint for failure to state a claim. *Innova*, 2014 WL 10212850, at *5-7. *In re Wellpoint* and *Wade v. Wellpoint* did not even involve HCSC as a party and thus provide no support whatsoever for Plaintiff's "information and belief" allegations regarding plan terms applicable to the claims at issue in this case. *See In re Wellpoint, Inc. Out-of-Network "UCR Rates" Litig.*, 865 F. Supp. 2d 1002 (C.D. Cal. 2011); *Wade v. Wellpoint, Inc.*, 892 F. Supp. 2d 1102 (S.D. Ind. 2012).

17

calculated, and which have nothing to do with "usual and customary" rates. *See* Exh. A at p. 12 (providing that "the non-contracting allowable amount is developed from base Medicare participating reimbursements adjusted by a predetermined factor established by Blue Cross and Blue Shield of Texas"). These issues illustrate why Plaintiff's Complaint is insufficient to put HCSC (or any of the other 24 defendants) on notice as to which alleged contract terms were breached and how.

Plaintiff also does not distinguish its ERISA benefits claims from its non-ERISA breach of contract claims. As noted above, the *Innova* district court dismissed a complaint that similarly did not differentiate ERISA and non-ERISA claims. *Innova*, 2014 WL 10212850, at *7. The court rejected the plaintiffs' assertions (similar to Plaintiff's in this case) that they could not determine which claims were governed by ERISA and which were not without discovery, finding that the plaintiffs could not raise their right to relief above a speculative level without providing such information. *Id.* Similarly, by failing to identify the contract and specific terms that HCSC allegedly breached and to identify which of its claims are not governed by ERISA, Plaintiff fails to state a plausible claim for breach of contract, and the Court should dismiss Count 4.

## VII.   Plaintiff Fails to Allege a Promissory Estoppel Claim.

To state a claim for promissory estoppel, Plaintiff must allege (1) a promise; (2) foreseeability by the promisor that the promisee would rely on the promise; (3) substantial reliance by the promisee to his detriment; and (4) a definite finding that injustice can be avoided only by enforcement of the promise. *Zenor v. El Paso Healthcare Sys. Ltd.*, 176 F.3d 847, 864 (5th Cir. 1999). Plaintiff must allege sufficient facts regarding the promise or promises that BCBSTX allegedly made to Plaintiff. *Innova*, 995 F. Supp. 2d at 606-07.

18

Here, however, Plaintiff does not allege that HCSC promised any payment at all, much less payment at "usual and customary rates." Instead, it alleges only that "<u>Defendant</u> represented to Plaintiff that the patients and services were covered by health insurance policies that contained out-of-network benefits," and that Plaintiff simply assumed that "Defendant" would pay based on "usual and customary rates." (D.E.. 19 at ¶ 102 (emphasis added).) By again lumping together all of the 25 defendants together as "Defendant," Plaintiff's allegations fail to identify any alleged promise that HCSC made to Plaintiff. But even more important is that Plaintiff does not allege that any defendant ever told it that any individual benefits claim would be reimbursed based on usual and customary rates. Instead, Plaintiff alleges only that no one told Plaintiff otherwise. (*Id.*) Plaintiff clearly cannot allege that it was ever promised by anyone that its claims would be reimbursed based on usual and customary rates.

While Plaintiff alleges that "Defendant" had a "duty to alert Plaintiff if the operative plan language differed from industry custom," there is no legal basis for such a duty, and nor is there any authority creating an exception to the requirement that a plaintiff allege a promise in order to state a claim for promissory estoppel. In the absence of an alleged promise, Plaintiff cannot state a promissory estoppel claim, and thus the Court should dismiss Count 5. *Innova*, 995 F. Supp. 2d at 607.

<u>**CONCLUSION**</u>

For the reasons set forth above, HCSC respectfully requests that the Court dismiss the Complaint.

Dated: June 6, 2016                    Respectfully submitted,


                                       /s/Martin J. Bishop
                                       Martin J. Bishop (Tex. Bar No. 24086915)
                                       Thomas C. Hardy (admitted pro hac vice)
                                       Reed Smith LLP
                                       10 South Wacker Drive, 40th Floor
                                       Chicago, IL 60606
                                       mbishop@reedsmith.com
                                       thardy@reedsmith.com
                                       T 312.207.1000
                                       F 312.207.6400

                                       *Attorneys for Defendant Health Care Service*
                                       *Corporation, a Mutual Legal Reserve Company*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 6, 2016, a true and correct copy of the foregoing was served via the Court's ECF notice system on all registered ECF filers who have appeared in this action.


*/s/ Martin J. Bishop*

21