United States District Court
Southern District of Texas
**ENTERED**
April 04, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GRAND PARKWAY SURGERY CENTER, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-549 |
| HEALTH CARE SERVICE CORPORATION, A MUTUAL LEGAL RESERVE COMPANY d/b/a BLUECROSS BLUESHIELD OF ILLINOIS, *et al.*, | § § § § § § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Grand Parkway alleged that the defendant insurers and claims administrators failed to pay for medical services it provided under its patients' health-benefit plans. One claim Grand Parkway asserted was a promissory-estoppel claim under Texas law, based on the allegation that Grand Parkway provided the medical services only after each defendant represented that the patient and procedure were covered by a health-benefit plan and that Grand Parkway would be paid in accordance with that plan. The defendants jointly move to dismiss the promissory-estoppel claim as preempted for the federal claims asserted under ERISA plans, and as duplicative of the state-law breach-of-contract claims that do not depend on ERISA plans. (Docket Entry Nos. 137, 139, 143–157, 159–163).

Based on the pleadings; the motions, response, and replies; the applicable law; and the arguments of counsel, the motion to dismiss the promissory-estoppel claim is granted. Because further amendment would be futile, the dismissal of this claim is with prejudice. The reasons for the ruling are explained below.

**I.     Background**

Grand Parkway alleges that before it provided medical services to any patient, it sought and "received verification by telephone from Defendants that each patient was covered by a health benefit plan," and "that the particular procedures were covered by the health benefit plans and would be paid in accordance with the health benefit plan." (Docket Entry No. 125 at ¶ 126). Grand Parkway alleges that it would not have provided the services if the defendants had not made these statements. (*Id.*).

The court held a hearing on the defendants' motions to dismiss. After argument, the court ruled on other motions from the bench, stating the rulings and the reasons in detail on the record. (Docket Entry No. 178). The court took the promissory-estoppel claim under advisement. For the reasons explained below, the court grants the defendants' motion to dismiss the promissory-estoppel claim, with prejudice and without leave to amend.

**II.    The Legal Standard for Dismissal**

A pleading is deficient and may be dismissed under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). A plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F.Appx. 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

## III. Analysis

### A. The Claims Under ERISA Plans

Section 1132(a) allows an ERISA plan's participants and beneficiaries to sue "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his right to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Supreme Court has read § 1132 to preempt "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement scheme." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

3

To the extent that a health-care provider's promissory-estoppel claim depends on and derives from the rights of the plan participants and beneficiaries to recover benefits under an ERISA plan's terms, the claim is preempted. *See Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 383 (5th Cir. 2011), *opinion reinstated in part on reh'g*, 698 F.3d 229 (5th Cir. 2012); *Transitional Hosps. Corp. v. Blue Cross & Blue Shield of Texas, Inc.*, 164 F.3d 952, 955 (5th Cir. 1999). But if the claim is based on the defendants' misrepresentations about the extent to which—not whether—the plan would reimburse the health-care provider, the claim is not preempted. *Id.* (citing *Transitional Hosps. Corp. v. Blue Cross & Blue Shield of Texas, Inc.*, 164 F.3d 952, 955 (5th Cir. 1999)). In *Transitional Hospitals*, the Fifth Circuit found that Texas common-law and statutory misrepresentation claims based on statements that the defendant insurers would pay 100 percent of the beneficiary's hospital bills were not preempted. 164 F.3d at 953–55. The state-law breach-of-contract claim was preempted because it was based on the defendants' alleged failure to pay the full amount of benefits due, which was based on and derived from the beneficiaries' rights under the plans. *Id.* at 955. Similarly, in *Davila*, the Supreme Court held that the plaintiffs' state-law claims under the Texas Health Care Liability Act were preempted because the state-law claims required the court to interpret the plaintiffs' benefit plan terms, and because liability existed only because of the defendants' administration of the ERISA-regulated benefit plans. 542 U.S. at 213.

By contrast, ERISA does not preempt a third-party provider's state-law claims based on allegations that the defendants misrepresented that the beneficiary was covered by an ERISA plan when he or she was not. *See Access Mediquip*, 662 F.3d at 382 (citing *Memorial Hosp. System v. Northbrook Life Ins. Co.*, 904 F.2d 236, 238 (5th Cir. 1990)). In *Memorial*, the health-care provider called the patient's employer before providing the services. 904 F.2d at 238. The employer verified

4

that the patient was covered by a health insurance plan. *Id.* This was inaccurate. Because the patient was a new employee, his insurance coverage would not take effect until 35 days after the treatment began. *Id.* ERISA did not preempt the misrepresentation claim based on the existence of coverage, as opposed to the amount or rate of reimbursement for covered services. *Id.*; *see also Cypress Fairbanks Med. Ctr. Inc. v. Pan-Am. Life Ins. Co.*, 110 F.3d 280, 283 (5th Cir. 1997) *overruled on other grounds by Access Mediquip*, 698 F.3d at 229 (the state-law statutory misrepresentation claim was not preempted because although the patient was enrolled in a health plan, coverage had been rescinded before the services were provided). Grand Parkway does not assert that the defendant insurers misrepresented the existence of coverage.

Grand Parkway alleges that it called the defendants and received verification that a specific health-benefit plan covered the patient and procedure and that Grand Parkway would be paid under the plan terms. (Docket Entry No. 125 at ¶ 126). Two types of claims are at issue. The first type is the claims that the defendant insurers paid only part of what Grand Parkway billed—the "partial-payment claims." The second type is the claims that the insurers did not pay any amount—the "no-payment claims."

Grand Parkway argues that neither the partial-payment nor no-payment claims seek to recover benefits under the ERISA plans. As a result, according to Grand Parkway, it need not prove that the ERISA plan was improperly administered, or "consult[] the plan terms . . . even to determine the amount of recovery to Plaintiff." (Docket Entry No. 173 at 53). But Grand Parkway's allegation is that the defendants stated that each patient and procedure were covered under an ERISA health-benefit plan and that Grand Parkway would be paid in accordance with that plan. Interpreting the

5

plan terms is necessary to learn what payment was due and whether the defendants misrepresented what they would pay. *Davila*, 542 U.S. at 213.

Grand Parkway argues that the no-payment claims should survive dismissal even if the partial-payment claims do not. They argue that the defendant insurers promised to pay for the services but did not pay at all. Grand Parkway's pleadings allege a different promise. Grand Parkway alleges that the defendants stated that the patients were covered under a health-benefit plan and that Grand Parkway would be paid in accordance with the plan. The issue is not the existence of coverage, but rather the rate or amount of payment due. The defendant insurers offer as an example that some health-benefit plans may authorize payment for medical services that is below the patient's deductible, so that the insurer's nonpayment was in accordance with the plan terms. Both the no-payment and partial-payment claims require interpreting the plan terms. *Davila*, 542 U.S. at 213. Whether there was a misrepresentation is "dependent on, and derived from the rights of the plan beneficiaries to recover benefits under the terms of the plan." *Transitional Hosps. Corp.*, 164 F.3d at 955. The promissory-estoppel claim is preempted for the ERISA claims.

### B. The Breach-of-Contract Claims

When "a valid contract between the parties covers the alleged promise, promissory estoppel is not applicable to that promise. Instead, the wronged party must seek damages under the contract." *El Paso Healthcare Sys., Ltd. v. Piping Rock Corp.*, 939 S.W.2d 695, 699 (Tex. App.—El Paso 1997, writ denied); *see also Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 216 (Tex. 2002) ("[T]he promissory-estoppel doctrine presumes no contract exists."); *Wheeler v. White*, 398 S.W. 2d 93, 97 (Tex. 1966) ("[W]here there is actually no contract the promissory estoppel theory may be invoked."). "Promissory estoppel cannot apply to promises covered by a valid contract

6

between the parties, but it does apply to promises made outside the contract." *M & DD Traders Corp. v. Total Quality Logistics, Inc.*, 2012 WL 6196456, at *3 (Tex. App.—Fort Worth Dec. 13, 2012, no pet.). As with the claims based on ERISA plans, the basis of Grand Parkway's breach-of-contract allegations is that patients were covered under a health-benefit plan and that Grand Parkway would be paid in accordance with the plan. Grand Parkway's promissory-estoppel claim does not allege a promise outside the terms of the health-benefit plans—the contracts—and must be dismissed in favor of the contract claim. *See Subaru of Am.*, 84 S.W.3d at 216; *Wheeler*, 398 S.W. 2d at 97; *El Paso Healthcare Sys.*, 939 S.W. 2d at 699.

Grand Parkway has twice attempted to plead its promissory-estoppel claim to withstand dismissal. Because the pleading defects have not been cured by repeated amendment, the claim is dismissed with prejudice and without leave to amend.

**IV.    Conclusion**

The motion to dismiss the promissory-estoppel claim is granted. (Docket Entry Nos. 137, 139, 143–157, 159–163).

SIGNED on April 4, 2017, at Houston, Texas.

                                                                        Lee H. Rosenthal
                                                        Chief United States District Judge